**CHIEF CONSOLIDATED MINING COMPANY and South Standard Mining Company, Plaintiffs,**

v.

**SUNSHINE MINING COMPANY, Sunshine Precious Metals, Inc., Drexel, Burnham, Lambert Incorporated, Defendants.**

Civ. No. C–89–523W.

United States District Court, D. Utah, C.D.

Nov. 27, 1989.

Don H. Sherwood, F. Brittin Clayton III, Denver, Colo., Stanford B. Owen, Salt Lake City, Utah, for plaintiff, Chief Consol. Mining Co.

Jan C. Graham, Salt Lake City, Utah, for plaintiff, South Standard Mining.

F. Alan Fletcher, A. John Davis III, Steven Paul Rowe, Salt Lake City, Utah, George W. Bramblett, Jr., Joseph G. Werner, Dallas, Tex., for defendants, Sunshine Mining Co. and Sunshine Precious Metals.

A. Robert Thorup, Rick B. Hoggard, Salt Lake City, Utah, Mathias E. Mone, Susan Buckley, New York City, for defendant, Drexel, Burnham, Lambert, Inc.

## MEMORANDUM DECISION AND ORDER

WINDER, District Judge.

This matter is before the court on defendants Drexel, Burnham, Lambert Incorporated ("Drexel"), Sunshine Mining Company and Sunshine Precious Metals, Inc.'s (collectively "Sunshine") motions to dismiss Chief Consolidated Mining Company's ("Chief") sixth claim for relief in the amended complaint. A hearing was held on these motions on November 15, 1989. Plaintiff Chief was represented by Stanford B. Owen, Don H. Sherwood and F. Britton Clayton III. Defendant Drexel was represented by A. Robert Thorup and Susan Buckley. Defendant Sunshine was represented by F. Alan Fletcher, John S. Simco and George W. Bramblett, Jr.

Prior to the hearing, the court carefully reviewed the memoranda submitted by the parties. After taking the matter under advisement, the court has further considered the law and the facts and now renders the following memorandum decision and order.

### Background

On October 15, 1980 Chief executed a Mining Lease and Agreement with Sunshine involving the Burgin Tract. This property is located in the East Tintic Mining District in Utah and Juab Counties in Utah and contains a commercial quantity of silver and other precious metals. Chief leased its interest in the Burgin Tract to Sunshine for a principal term of fifty years and a renewal term of an additional twenty-five years. *See* Amended Complaint, ¶ 26; Sunshine's Answer, ¶ 26.

Sunshine filed a prospectus with the SEC dated December 1, 1986 relating to the public sale of 2,116,466 shares of Sunshine common stock, 600,552 shares of which were owned by Drexel. The prospectus disclosed proven Burgin Mine silver reserves of approximately 10,367,545 ounces and probable silver reserves of approximately 11,887,085 ounces. Together this amount constituted almost 36 percent of Sunshine's proven and probable silver reserves as of January 1, 1986 from all Sunshine properties. In July and August, 1987, Drexel underwrote the sale by Sunshine of 13,800,000 shares of Sunshine common stock with a total price to the public of $96,600,000. *See* Amended Complaint, ¶¶ 36, 39; Sunshine's Answer, ¶¶ 36, 39.

Sunshine also filed a stock prospectus with the SEC on or about January 9, 1989 registering for sale to the public 1,893,111 shares of Sunshine common stock with a market value at that time of approximately $3.375 per share. This prospectus incorporated by reference Sunshine's earlier representations of Burgin Mine silver reserves and of Sunshine's belief that the Burgin Mine could be developed and mined economically. *See* Amended Complaint, ¶ 47; Sunshine's Answer, ¶ 47.

Chief filed a complaint on June 7, 1989 and an amended complaint on June 16, 1989. The first five claims for relief are based on Sunshine's alleged obligations under the Burgin Lease and a Unit Lease. Chief specifically argues that Sunshine has breached the leases because Sunshine has not managed the Burgin tract in a minerlike manner. Chief also contends that Sunshine has breached an implied contract to explore, develop and mine the tract in good faith. Chief asks for declaratory judgment regarding the respective rights of Chief and Sunshine under the Burgin and Unit Leases. Chief alleges they have been damaged because they have not received royalties to which they would be entitled under the leases if Sunshine were actively mining the Burgin Tract. The fifth claim alleges conversion of certain machinery and equipment. *See* Amended Complaint, ¶¶ 56–87.

The sixth claim for relief is a RICO claim based on alleged securities fraud violations that constitute a pattern of racketeering activity under 18 U.S.C. § 1961. Chief argues that Sunshine and Drexel violated 15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b–5 by failing to disclose in any of the 1986 SEC Form 10–k, July 1987 stock prospectus, 1987 bond prospectus, 1987 SEC form 10–k, January 1989 prospectus, and a 1988 SEC form 10–k that they had no intention of bringing the Burgin Mine into production. Chief argues that these violations constitute a pattern of racketeering activity and that Sunshine and Drexel knowingly used and invested the income and proceeds from this pattern of racketeering activity in their operations in violation of 18 U.S.C. § 1962(a). Chief further alleges that Sun-

shine and Drexel's combined use and investment of the proceeds of this continuing pattern of racketeering activity has injured Chief in the loss of royalty income they would receive if the mine were being developed. Chief also argues that it has been competitively injured. *See* Amended Complaint, ¶¶ 88–93.

Both Sunshine and Drexel brought motions to dismiss the sixth claim for relief in the amended complaint under Fed.R.Civ.P. 12(b)(6). They argue that Chief does not have standing to bring this RICO claim against them for several reasons. They indicate that Chief has not alleged that it is a purchaser or seller of Sunshine securities and that this is a standing requirement under Rule 10b–5. Sunshine and Drexel also argue that Chief has failed to adequately allege a cognizable injury under 18 U.S.C. § 1962(a) or that Drexel or Sunshine's acts were the cause in fact or proximate cause of Chief's injuries.

### Discussion

In considering a motion to dismiss under Fed.R.Civ.P. 12(b)(6) for failure to state a claim on which relief can be granted "the allegations of the complaint should be construed favorably to the pleader." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). A claim should not be dismissed " 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Id.* at 236, 94 S.Ct. at 1686 (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)).

RICO claims arise under the authority of 18 U.S.C. §§ 1961–1968 (1982). Section 1962 states in pertinent part that:

(a) It shall be unlawful for any person who has received any income derived … from a pattern of racketeering activity … to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

18 U.S.C. § 1962(a). Racketeering activity includes any offense involving fraud in the sale of securities. *See* 18 U.S.C. § 1961(1)(D). A pattern of racketeering activity requires at least two acts of racketeering activity. *See* 18 U.S.C. § 1961(5). A plaintiff may recover treble damages as well as the costs of the suit and reasonable attorney's fees if it is "injured in its business or property by reason of a violation of section 1962...." 18 U.S.C. § 1964(c). Section 1964(c) recognizes a private right of action. *See International Data Bank, Ltd. v. Zepkin,* 812 F.2d 149 (4th Cir.1987).

Chief has alleged violations of SEC Rule 10b–5, 17 C.F.R. § 240.10b–5 which prohibits fraud "in connection with the purchase or sale of any security." Chief contends that Sunshine and Drexel failed to disclose a material fact that they had no intention of bringing the Burgin Mine into production in connection with the various common stock and debt offerings and the disclosure reports. These purported violations are pled as the requisite pattern of racketeering activity. This racketeering activity allegedly caused injury because Chief did not receive royalties to which they would have been entitled under the leases if Sunshine were actively mining the Burgin Tract. Chief further claims it is competitively injured because of this pattern of fraud and the investment of the racketeering proceeds in Drexel and Sunshine's respective enterprises.

In *Blue Chip Stamps v. Manor Drug Stores,* 421 U.S. 723, 95 S.Ct. 1917, 44 L.Ed.2d 539 (1975), the United States Supreme Court held that only a purchaser or seller of securities has standing to bring a private action under Rule 10b–5. *See id.* at 749, 95 S.Ct. at 1931. Only a few courts have addressed the question whether the purchaser-seller requirement applies to a RICO claim based on 10b–5 violations. *See, e.g., Zepkin,* 812 F.2d at 149 (RICO standing requires purchase or sale of security if Rule 10b–5 is predicate offense); *Brannan v. Eisenstein,* 804 F.2d 1041, 1046 (8th Cir.1986) (dismissal of securities fraud claims for lack of plaintiffs' purchase or sale of securities requires dismissal of RICO claim predicated on same securities-related acts). Neither the Tenth Circuit Court of Appeals nor any district court in this circuit has decided this issue in a published opinion and this court now addresses this question as an issue of first impression in this circuit.

This court concludes that private persons have standing to bring RICO claims based on securities violations under Rule 10b–5 only if they are purchasers or sellers of securities. The arguments articulated in *Zepkin* are persuasive. The Fourth Circuit examined congressional intent behind the RICO statute. The court noted that: "Other 10b–5 requirements, such as scienter, reliance, materiality, and causation, are apparently incorporated in the predicate offense. It is difficult to discern why Congress would then have insisted on statutory inconsistency with respect to 'injury.'" *Zepkin,* 812 F.2d at 152. A contrary rule would engender vexatious litigation and open the judicial system to abuse. The policies underlying the Birnbaum rule and the *Blue Chip Stamps* decision are no less applicable to RICO causes of action based on Rule 10b–5 violations. RICO plaintiffs should not be allowed to circumvent well established principles of federal securities law, nor contravene such important policies as preventing vexatious litigation and judicial system abuse.

Chief's assertions that *Zepkin* and *Brannan* are wrong or distinguishable are unpersuasive. *See* Chief's Brief in Response to Sunshine and Drexel's Motions to Dismiss Sixth Claim for Relief at 16. Chief further argues that the elements of both civil and criminal RICO claims are the same. *See Eisenberg v. Gagnon,* 564 F.Supp. 1347 (E.D.Pa.1983). Additionally, Chief argues that RICO sections 1961 and 1962 defining prohibited conduct do not differentiate between civil and criminal applications. Chief contends that it would be wrong to graft the "purchase or sale" element onto Rule 10b–5 just because it is the predicate offense for a civil RICO action rather than a criminal RICO indictment. *See* Chief's Brief in Response to Sunshine and Drexel's Motions to Dismiss Sixth Claim for Relief at 16–17.

Chief misses the fact that the purchase-sale requirement exists for civil 10b–5 actions but is not applied to criminal indictments. This is analogous. Plaintiff ignores the decision in *Moss v. Morgan Stanley, Inc.,* 719 F.2d 5 (2d Cir.1983), *cert. denied,* 465 U.S. 1025, 104 S.Ct. 1280, 79 L.Ed.2d 684 (1984). In that case, the defendant was criminally convicted of violating Rule 10b–5 by trading on misappropriated non-public information. *See United States v. Newman,* 664 F.2d 12 (2d Cir.1981), *aff'd mem. after remand,* 722 F.2d 729 (2d Cir.), *cert. denied,* 464 U.S. 863, 104 S.Ct. 193, 78 L.Ed.2d 170 (1983). *Moss* held that the plaintiff lacked standing to sue privately under rule 10b–5 because Newman owed no duty to the plaintiff. Consequently, the court also determined that this lack of standing under rule 10b–5 precluded a private RICO claim based on the same alleged violations, despite Newman's criminal conviction under rule 10b–5.

Chief acknowledges that it is not a purchaser or seller of Sunshine securities. Therefore, Chief does not have standing to bring a civil RICO action against the defendants. This conclusion makes it unnecessary to address the remaining question whether Chief has alleged a cognizable injury sufficient to grant standing or whether Drexel and Sunshine's acts were the cause in fact and proximate cause of Chief's alleged injuries. Drexel and Sunshine's motions to dismiss the sixth claim for relief in the amended complaint under rule Fed.R.Civ.P. 12(b)(6) are granted with no leave to amend. The sixth claim for relief is dismissed with prejudice.